UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GREGORY FRANKLIN PARTIN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:11-CV-365 |
| | ) | | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

This Social Security appeal is before the Court on the Report and Recommendation [Doc. 15] filed by United States Magistrate Judge C. Clifford Shirley on March 23, 2012. In the Report and Recommendation, Magistrate Judge Shirley found that the Commissioner's decision was supported by substantial evidence. Accordingly, Magistrate Judge Shirley recommended that plaintiff's motion for summary judgment [Doc. 11] be denied and that the Commissioner's motion for summary judgment [Doc. 13] be granted.

Plaintiff filed a document entitled Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Doc. 16]. However, for the reasons discussed below, the Court determines that plaintiff does not raise specific objections to the Report and Recommendation, and therefore, plaintiff's arguments will not be treated as such.

**I.      Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party's specific objections unless the objections are frivolous, conclusive, or

general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Although the Court is required to engage in *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment and addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an objection as that term is used in this context."). The United States Court of Appeals for the Sixth Circuit has explained,

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II.     Analysis**

Plaintiff's filing entitled Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Doc. 16] repeats arguments he made in his memorandum in support of his motion for summary judgement [Doc. 12]. His arguments are that the ALJ failed to accord proper weight to the opinions of plaintiff's long-time treating physician and that the ALJ incorrectly concluded that the opinion of the long-time treating physician was inconsistent

2

with the physician's examinations of plaintiff and not supported by the objective medical findings or treating progress notes of record [*Id.*, pp. 7-10]. Because plaintiff simply summarizes the same arguments considered by Magistrate Judge Shirley in the Report and Recommendation [Doc. 15, p. 6], *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. Accordingly, the Court does not consider plaintiff's arguments to be specific objections to the Report and Recommendation and it will not engage in *de novo* review.

Because no proper objections were timely filed, the Court will treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). As noted, in the Report and Recommendation [Doc. 15] Magistrate Judge Shirley found that there was substantial evidence to support the Commissioner's decision. The Court has carefully reviewed this matter, including the underlying pleadings [Docs. 11, 12, 13, 14, 15], and is in agreement with Magistrate Judge Shirley's recommendations, which the Court adopts and incorporates into its ruling.

### III. Conclusion

Accordingly, plaintiff's motion for summary judgment [Doc. 11] is **DENIED** and the Commissioner's motion for summary judgment [Doc. 13] is **GRANTED**. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 15], the Commissioner's

decision in this case denying plaintiff's applications for disability insurance benefits and supplemental security income benefits is **AFFIRMED** and this case is **DISMISSED**.

IT IS SO ORDERED.

               s/ Thomas A. Varlan
               UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

 s/ Debra C. Poplin
  CLERK OF COURT

4